UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                       Case No. 20-cr-99-pp

CHRISTOPHER JONES,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE' RECOMMENDATION (DKT. NO. 20) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 12)**

The defendant has filed a motion to suppress evidence. Dkt. No. 12. He seeks to suppress all "evidence obtained pursuant to a Warrant for Content of Communications or Other Records issued March 9, 2020, and all fruits derived therefrom." Id. at 1. Specifically, the defendant seeks to suppress records from the service provider for a phone that allegedly belonged to the defendant. Dkt. No. 13 at 2-3. Magistrate Judge Nancy Joseph recommends that this court deny the motion, dkt. no. 20; the court accepts that recommendation.

**I.    Background**

On February 21, 2020, and March 6, 2020, three robberies or attempted robberies of banks occurred in the Milwaukee, Wisconsin area. Dkt. No. 20 at 1-3. The first robbery occurred on February 21, 2020 at PNC Bank at 5216 West Capitol Drive. Id. at 1-2. The second and third both occurred on March 6, at the Wells Fargo Bank at 3323 West Villard Avenue (where the suspect

1

robbed a customer of her wallet but got no money from the bank) and the Community Financial Service Center at 821 East Capitol Drive (where the suspect fled without obtaining any money). Id. at 2-3.

Two days later, on March 8, the defendant was arrested after Milwaukee Police Department officers stopped a vehicle in which the defendant was a passenger. Id. at 3. While the vehicle was stopped for having an expired registration, a warrant check revealed that the defendant was a suspect in the March 6 robberies and that he was on federal supervised release. Id. Officers arrested the defendant and searched him incident to arrest, seizing his cell phone. Id.

On March 9, 2020, Detective Jason Enk of the MPD dialed 911 from the "lock screen" of the defendant's phone; the phone remained locked and Enk did not have access to its contents. Id. Enk looked at the log of the local 911 emergency line and was able to identify the defendant's cell phone number. Id. He used that information to obtain a search warrant for information about the number—subscriber information, account status, call detail and cell site data—for the period January 15, 2020 to March 8, 2020. Id. at 3-4. A Milwaukee County Circuit judge issued a warrant, which was executed at T-Mobile on March 10, 2020. Id. at 4. Officers also interviewed the defendant on March 9, and he voluntarily disclosed the number, which the officers confirmed with other sources such as his probation officer and a woman with whom the defendant had been staying. Id.

2

Around March 23, 2020, the phone records came back to the MPD. Id. They showed that the defendant's phone pinged cell towers near the site of both March 6 attempted robberies and that it traveled from the area of the Wells Fargo Bank to the area of the Community Financial Service Bank between the times of the attempted robberies of each. Id. The records also showed that on the day of the PNC robbery (February 21), the defendant's phone was in the area of the bank in the morning, moved to an area on Milwaukee's northeast side about four miles away, and stayed there until about forty minutes before the robbery. Id. The phone then was inactive for about forty-seven minutes; it was during this time that the PNC robbery took place. Id. Ten minutes after the robbery, the phone connected with a tower four miles away on the northeast side of the city. Id.

    A.    <u>Defendant's Motion (Dkt. No. 13)</u>

The defendant first argued that officers seized a cell phone from him without a warrant and searched it without a warrant. Dkt. No. 13 at 2. He argued that this search violated the Fourth Amendment, citing <u>Riley v. California</u>, 573 U.S. 373 (2014) and <u>Vernonia School Dist. 47J v. Acton</u>, 515 U.S. 646, 653 (1995). Id.

Next, the defendant argued that the search warrant for the phone records was issued based on illegally obtained information—Enk's obtaining the defendant's phone number by dialing 911 from the locked screen. Id. at 3.

Finally, the defendant argued that the government had not produced signed copies of the affidavit in support of the search warrant, the request for

3

the warrant or the order granting the warrant. Id. at 2. The government told the defendant that it could not locate those documents. Id. The defendant argued that without the original, sworn affidavit, the government could not demonstrate that the warrant for the phone records complied with the requirements of the Fourth Amendment. Id. at 4.

B.     Government's Response (Dkt. No. 15)

The government responded that dialing 911 on a locked screen to learn the number associated with that phone did not constitute an unlawful search because the defendant did not have a reasonable expectation of privacy in "the small amount of information that can be gained by dialing 911 from his phone's locked screen." Dkt. No. 15 at 8. It argued that the way Enk handled the phone could not have given him access to any of the personal information contained in the phone, distinguishing the facts in this case from the facts in United States v. Correa, 908 F.3d 208, 216 (7th Cir. 2018), reh'g and suggestion for reh'g en banc den. (Jan. 4, 2019), cert. denied, 140 S. Ct. 648 (2019). Id. at 6, 8. Finally, the government asserted that the inevitable discovery exception to the warrant requirement applied, noting that the officers later obtained Jones's cell phone number from him in the March 9, 2020 interview. Id. at 9-10. As for the missing warrant documents, the government argued that Enk had sworn a declaration that he signed the affidavit and swore to it before a judge who signed the warrant. Id. at 12.

C. Defendant's Reply (Dkt. No. 17)

The defendant replied that the government's reliance on Correa was misplaced because the real issue in Correa was one of standing. Dkt. No. 17 at 2-3. He asserted that the government's inevitable discovery argument ignored the fact that agents repeatedly asked the defendant for consent to search the phone and he refused each time. Id. at 4. As to the missing documents, the defendant argument that Enk's incomplete recollection was not sufficient to demonstrate that the warrant complied with the Fourth Amendment. Id. at 4-5.

D. Government's Sur-reply (Dkt. No. 19)

Magistrate Judge Joseph gave the government leave to file a sur-reply. Text-only order of October 5, 2020. In its sur-reply, the government reported that Enk had found the original, signed copies of the documents executed on March 9, 2020 in connection with the search warrant application; the government attached a declaration from Enk explaining how he'd discovered the originals. Dkt. Nos. 19, 19-1.

## II. Judge Joseph's Recommendation (Dkt. No. 20)

Judge Joseph concluded that because Enk "had to affirmatively manipulate [the defendant's] phone to access the emergency call feature and call 911," the facts were similar to those in United States v. Gary, 790 F.3d 704 (7th Cir 2015), in which the Seventh Circuit found the warrantless search of cell phones accomplished by officers randomly pushing buttons on the phone and discovering a call from an undercover officer violated the Fourth Amendment. Id. at 6, 8. She concluded that Enk's use of the emergency call

5

function constituted an impermissible search of the defendant's phone. Id. at 8.

Judge Joseph then turned to the inevitable discovery doctrine, which she described as applying "if the prosecution can establish by a preponderance of the evidence that the challenged evidence ultimately would have been discovered through lawful means without regard to the constitutional error, then the evidence is not subject to suppression." Id. at 8-9 (citing United States v. Eymann, 962 F.3d 273, 287-88 (7th Cir. 2020)). She explained that for the government to demonstrate inevitable discovery, it must show "'(1) that it had, or would have obtained, an independent, legal justification for conducting a search that would have led to the discovery of evidence, and (2) that it would have conducted a lawful search absent the challenged conduct.'" Id. at 9 (quoting Eymann, 962 F.3d at 288) (internal quotation marks and citation omitted).

Judge Joseph found that the government had satisfied both prongs of the inevitable discovery test. She recounted that the defendant was arrested based on a wanted check which revealed he was a suspect in several bank robberies and was on federal supervised release. Id. She discussed the fact that while the defendant was arrested and his phone seized on March 8, Enk did not dial 911 from the phone until March 9—the same day the defendant was interviewed and voluntarily disclosed his phone number. Id. She described the fact that officers were able to confirm the number with other sources, including the defendant's probation officer. Id. Judge Joseph concluded that the officers

6

had probable cause to obtain a warrant to search the defendant's phone, satisfying the first prong. Id.

Addressing the second prong—the question of whether the government would have conducted a lawful search absent the challenged conduct—Judge Joseph reasoned that

> [t]he officers interviewed [the defendant] subsequent to his arrest and he voluntarily gave his phone number, which officers verified through three additional sources. Given the fact that [the defendant] was a suspect in the two bank robberies and was on federal supervised release for a previous bank robbery, law enforcement would have obtained a warrant for [the defendant's] cell phone, even without the unlawful search of [the defendant's] phone.

Dkt. No. 20 at 10. Judge Joseph found the second prong was satisfied and the doctrine of inevitable discovery applied, and she recommended that this court deny the motion to suppress. Id.

### III. Analysis

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). The defendant did not object to Judge Joseph's recommendation; in fact, he has signed a plea agreement. Dkt. No. 21. This court must decide only whether Judge Joseph's reasoning was clearly erroneous. The court concludes that it was not.

Judge Joseph concluded that Enk's dialing the emergency function from the locked screen constituted an impermissible search. The court finds Judge

Joseph's reasoning persuasive; while the defendant may not have had a reasonable expectation of privacy in the visible screen of his phone, he may well have a reasonable expectation of privacy in the information one could discover by pushing certain buttons on that phone. The defendant's phone number was not displayed on the screen for any passerby to see. Enk had to push buttons—specific buttons, in contrast to the officer in <u>Gary</u> who appears to have pushed random buttons—to obtain information that was not otherwise visible.

But the court agrees with Judge Joseph that the inevitable discovery exception applies. The government has established by a preponderance of the evidence the two prongs of the inevitable discovery inquiry. The officers had sufficient evidence to give them probable cause to search the phone—the defendant was a suspect in the two March 6 attempted robberies, was on federal supervised release and had the phone on his person when the car in which he was a passenger was pulled over. He voluntarily provided officers his phone number (even if he refused to give them consent to search the phone) and the officers confirmed with other sources that that was his number. That evidence satisfies the first prong. And that evidence leads to satisfaction of the second prong—given that the defendant was a suspect in the March 6 robberies, the officers would have obtained a warrant to search the phone even if Enk hadn't learned the defendant's number by dialing the emergency function. Once they got the defendant's phone number from him directly and verified it, in the face of the defendant's refusal to consent to a search of the

8

phone, the officers would have had every reason to obtain a warrant to search it. Judge Joseph did not commit clear error—or error at all—in reaching that conclusion.

## IV. Conclusion

The court **ADOPTS** the magistrate judge's report and recommendation on defendant's motion to suppress. Dkt. No. 20.

The court **DENIES** the defendant's motion to suppress evidence. Dkt. No 12.

Dated in Milwaukee, Wisconsin this 4th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**